UNITED STATES v. LEVERICH and others.

(*District Court, S. D. New York.* December 12, 1881.)

1. LEGACY TAX—ACT OF 1864—TRUST DEED.

The act of 1864, (13 St. at Large, 285, § 124,) imposing a legacy tax on certain personal property, embraces cases only where the person to whom the beneficiaries are related died possessed of the property.

Where S. D., in 1864, before the passage of the act, executed to trustees a valid deed of a large amount of personal property in trust to collect the interest and pay it to himself and his wife until the death of the survivor, and, thereafter, to pay over and distribute the principal to his children, and the grantor thereafter died in 1866, and his wife in 1868, and thereupon the whole property was immediately distributed among the children, and the grantor having by the state law "no estate in law or in equity" in the property so transferred, and not being possessed thereof at the time of his death, *held*, that no tax accrued to the government, under section 124, upon the shares distributed by the trustees to the children.

*S. L. Woodford,* U. S. Atty., and *E. B. Hill,* Asst. Dist. Atty., for plaintiff.

*Miller & Peckham,* for defendants.

BROWN, D. J. This is an action to recover a tax on distributive shares of personal property under section 124 of the act of June 16, 1864, (13 St. at Large, 285.).

On June 7, 1864, Stephen Duncan executed to Charles D. Leverich and Henry S. Leverich a deed of personal property, consisting of stocks, bonds, railroad shares, etc., to the amount of about $227,500, in trust, to take possession of the same, to collect the interest thereon, and to pay the income thereof to himself and to his wife, in manner stated in the trust deed, until the death of the survivor of them, and thereafter to distribute the principal and any accumulated interest to his children. Charles D. Leverich, prior to and at the time of the execution of the deed of trust, had in his individual custody and possession all the property so conveyed. Both trustees signed the trust deed accepting the trust, but Henry S. Leverich never had the custody of any of the property, never received any of the proceeds of it, and never took any part in the execution of any of the duties imposed by the trust deed. The whole business of the trust was managed by Charles D. Leverich alone, who retained possession of the property, collected the income, and paid it over as directed by the deed—in part to Stephen Duncan, until his death, in 1866, and in part to his wife, who died in 1868. Upon her death he distributed the whole property to and among the children of the grantor according to the terms of the trust. Charles D. Leverich died in 1876, and no tax was ever paid or claimed up to the time of his death. This suit to recover $3,805, the taxes alleged to be due upon the distribution of the shares to the children in 1868, was brought on September 13, 1879, against Henry S. Leverich, the surviving trustee, and the other defendants, who are the executors of the deceased trustee.

I am of opinion that no tax accrued to the government upon the shares distributed under this trust deed, under section 124, as claimed. This case does not come under the first clause of the general words of that section, for the reason that the property here did not "pass after the passage of this act from any person possessed of such property, either by will or by the intestate laws of any state or territory." To come under the second clause of the general words of section 124 the case must be one of "a person having in charge or trust ∗ ∗ ∗ any personal property ∗ ∗ ∗ transferred by deed, etc., made or intended to take effect in possession or enjoyment after the death of the grantor, to any person or persons;" and it must also come under some one of the five following subdivisions of that section. But the only persons described in any of those five subdivisions are persons who, being entitled to the beneficial interest in such property, also stand in a certain relationship "*to the person who died possessed of such property.*"

Now, the facts here show that the grantor did not "die possessed" of said property. He had parted with the title to the property and the possession of it, by deed executed and delivered several years before his death, and before the passage of the act. The deed created a valid trust of personal property under the laws of this state, (1 Rev. St. p. 773, part 2, *c.* 4, tit. 4, §§ 1, 2; chapter 1, §§ 55, 60, p.

729,) and in such cases "the whole estate is vested in the trustees in law and in equity, subject only to the execution of the trust. The person for whose benefit the trust is created takes no estate or interest in the property." 1 Rev. St. 729, § 60. No interest in this property which Mr. Duncan had at his death ever passed to his children. The whole legal title and the possession were in the trustees long before the grantor's death, and so continued for two years afterwards, without change, until the death of his wife, when the legal title to the property and the possession passed direct from the trustees to the children. What the children thus took was not anything which Stephen Duncan or any other person had "died possessed of," but what the trustees had had in their own possession along with the legal title long before. It appears, therefore, that the children did not take this property from any person "dying possessed of it," and therefore section 124 of the act of 1864 does not embrace this case. As to beneficial interests accruing, not "by will or intestate laws," but by deed "intended to take effect after the death of the grantor," the act can only apply to cases where, under such deeds, the ancestor or other relative of the beneficiaries mentioned in the five subdivisions of section 124 was entitled to hold possession till his death, and "died possessed" thereof. This is not such a case.

The language of section 125 confirms the same view. It provides that the tax or duty aforesaid shall be a lien or charge upon "the property of every person who may die as aforesaid," etc. The words "every person who may die *as aforesaid*" can only refer to the words which are repeated substantially in each of the five subdivisions of section 124, viz., "the person who died *possessed of such property*," and the lien is given upon the property of such person only; and there is none such in this case. The act, I think, plainly contemplates those cases only, whether arising under will, intestacy, or trust deeds, in which the grantor, the testator, or deceased relative had the legal possession or ownership of the property up to his death, and not cases like this, where, in consequence of a valid trust created before the passage of the act, the grantor or ancestor had, according to the law of his domicile, no legal or equitable estate in the property at the time of his death, and where the property was subsequently distributed among his children through the medium of a long prior trust. The complaint should, therefore, be dismissed.